UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**MOMENTUM SOLAR LLC,** a Delaware Limited Liability Company<br><br>                    **Defendant.** | §<br>§<br>§<br>§<br>§   EP-23-cv-00377-KC<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, a resident of the Western District of Texas, and was present in Texas for all automated text messages, in this case in El Paso County, Texas.

2. Defendant MOMENTUM SOLAR LLC ("Momentum") is a limited liability company organized and existing under the laws of Delaware and can be served via registered agent Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

3. Non-named Defendant AUSTIN ADAMS ("Adams") is an authorized representative of Defendant Momentum and made unauthorized calls and text messages to Plaintiff on behalf of Defendant Momentum.

4. Non-named Defendant ANONYMOUS TELEMARKETER ("Telemarketer") is an anonymous offshore telemarketer who makes solicitation phone calls on behalf of Momentum. Telemarketer does not accurately reveal their identity and makes phone calls in secret.

1

## JURISDICTION AND VENUE

5.  Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. ¶ 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

6.  This Court has specific personal jurisdiction over Defendant because Defendant intentionally targeted Texas by calling Plaintiff's cell phone even after Plaintiff had informed Defendant he was not interested in their services. Defendant purposefully targeted Plaintiff in Texas with knowing and willful calls to Plaintiff's Texas area code cellular telephone.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when Plaintiff received every single unauthorized call from Defendants is the subject matter of this lawsuit.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

8.  In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9.  The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

11.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

14.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability,

the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

21.  Plaintiff personally and successfully registered his phone number ending in 4604 to the National Do-Not-Call Registry ("DNC") in December 2007.

22.  Defendant Momentum offers solar panel services.

23.  Plaintiff received at least thirteen (13) unauthorized calls to his personal cell phone ending in 4604 from Defendant Momentum from September 15, 2023, to September 26, 2023, soliciting solar panel installation.

24.  Each of the phone calls in this Complaint was made by an offshore telemarketer hired by Austin Adams.

25.  Austin Adams is an authorized representative, agent, and/or employee of Momentum.

26.  Plaintiff received a series of phone calls from phone number 209-457-2342.

27.  Plaintiff has outlined each of the phone calls in Table A below.

28.  On September 18, 2023, Plaintiff received a phone call that displayed 209-457-2342 on the caller identification.  Plaintiff answered the phone and was solicited for solar panels. Plaintiff informed the Telemarketer he was not interested and asked the Telemarketer to not call again.

29.  On September 20, 2023, Plaintiff received a phone call that displayed 209-457-2342 on the caller identification.  Plaintiff answered the phone and was solicited for solar panels. Plaintiff informed the Telemarketer he was not interested and asked the Telemarketer to not call again.

30.  On September 25, 2023, Plaintiff received a phone call that displayed 209-457-2342 on the caller identification.  Plaintiff answered the phone and was solicited for solar panels by a

telemarketer who, through information and belief, is offshore and outside the reach of the laws and jurisdiction of the United States.

31.     During the September 25, 2023, phone call the telemarketer informed Plaintiff he was setting an appointment with Momentum Solar for 12:00 PM on September 26, 2023.  Plaintiff set the appointment for the sole purpose of finding out who kept calling Plaintiff soliciting solar panels.

32.     Plaintiff did not keep the appointment with Momentum Solar that was set by the telemarketer.

33.     On September 26, 2023, at 1:19 PM Plaintiff received a phone call that displayed "Austin Adams" and 860-895-7840 on Plaintiff's caller identification.

34.     Plaintiff answered the phone call in paragraph 33 and was greeted by Adams.  Adams told Plaintiff, "This is Austin Adams with Momentum Solar.  We had an appointment today at noon that was missed.  I think it was because of the difference in time zone."

35.     Adams had confirmed with Plaintiff that the appointment the telemarketer had set with Plaintiff was indeed for Momentum Solar as had been indicated.

36.     During the phone call in paragraph 33 Adams asked Plaintiff to send him an electric bill.  Plaintiff gave Adams his phone number so that Adams could email Plaintiff and Plaintiff could confirm Adams was indeed with Momentum Solar

37.     On September 26, 2023, Adams sent Plaintiff an email from email address aadams@momentumsolar.com

38.     Adams's email stated his position with Momentum was "CT Team Lead," indicating Adams is in a position of authority with Momentum.

39.     Table A shows the calls sent to Plaintiff by Defendant Momentum.

TABLE A:

| Number | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1. | 09/15/2023 | 2:55 PM | 209-457-2342 | Declined call |
| 2. | 09/15/2023 | 4:17 PM | 209-457-2342 | Missed call |
| 3. | 09/16/2023 | 2:37 PM | 209-457-2342 | Declined call |
| 4. | 09/18/2023 | 3:56 PM | 209-457-2342 | Missed call |
| 5. | 09/19/2023 | 3:59 PM | 209-457-2342 | Missed call |
| 6. | 09/19/2023 | 4:36 PM | 209-457-2342 | Declined call |
| 7. | 09/20/2023 | 10:30 AM | 209-457-2342 | Declined call |
| 8. | 09/20/2023 | 10:31 AM | 209-457-2342 | Declined call |
| 9. | 09/20/2023 | 11:38 AM | 209-457-2342 | Declined call |
| 10. | 09/25/2023 | 2:34 PM | 209-457-2342 | 33-second call soliciting solar panels. Call dropped |
| 11. | 09/25/2023 | 5:03 PM | 209-457-2342 | Set an appointment for Momentum Solar |
| 12. | 09/25/2023 | 5:45 PM | 209-457-2342 | Missed call |
| 13. | 09/26/2023 | 12:15 PM | 209-457-2342 | Missed call |
|  | 09/26/2023 | 1:19 PM | 860-895-7840 | Austin Adams confirming the appointment set by offshore Telemarketer |

40.    Plaintiff never gave his consent to Defendant to receive any of the phone calls at issue in this Complaint.

41. No emergency necessitated any of the alleged calls.

42. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

## VICARIOUS LIABILITY OF DEFENDANT

43. Offshore Telemarketer is an agent of Austin Adams.

44. Austin Adams is an Agent of Momentum.

45. Adams hired and/or contracted with the Telemarketer and authorized the telemarketer to make solicitation phone calls on behalf of Momentum.

46. Offshore Telemarketer is a sub-agent of Momentum.

47. Defendant Momentum through their authorized representative Telemarketer made multiple TCPA-violating phone calls to Plaintiff.

48. The anonymous Telemarketer is offshore and out of the reach and jurisdiction of the laws of the United States and cannot be held to account for the phone calls.

49. Failure to hold Momentum liable for the phone calls would encourage all companies to offshore their telemarketing operations, encourage the breaking of consumers' privacy rights, and render the TCPA unenforceable.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

50. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

51. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

52. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

53. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

54. The calls were to Plaintiff's personal cell phone ending in 4604 which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 16 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### COUNT ONE:
### Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C)

55. Plaintiff incorporates the preceding paragraphs 1-54 as if fully set forth herein.

56. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

57. Defendants sent thirteen (13) phone calls to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the text messages, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

58. Plaintiff was statutorily damaged at least thirteen (13) times under 47 U.S.C. § 227(c)(3)(F) by Defendants' calls described above, in the amount of $500 per automated text message.

59. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

60. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the Defendants jointly and severally as follows:

   A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

   B. A declaration that actions complained of herein by Defendants violates the TCPA and Texas state law;

   C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

   D. An award of $1,500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against Defendants for thirteen (13) calls;

   E. An award to Mr. Callier of damages, as allowed by law under the TCPA;

   F. An award to Mr. Callier of interest, and costs, as allowed by law and equity;

   G. Such further relief as the Court deems necessary, just, and proper;

Dated:  October 12, 2023,                                    Respectfully submitted,

*/s/ Brandon Callier*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com

### H. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: October 12, 2023,

*/s/ Brandon Callier*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com