IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-23-CV-00377-KC |
| | § | |
| MOMENTUM SOLAR LLC, | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Momentum Solar LLC's ("Defendant") "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support" ("Motion") (ECF No. 7), filed on November 8, 2023. On April 16, 2024, the Honorable United States District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court **RECOMMENDS** that Defendant's Motion be **DENIED**.

### I.     BACKGROUND

This case arises from alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff asserts that from September 15, 2023, to September 25, 2023, Plaintiff received ten calls from the number 209-457-2342. Pl.'s Original Compl. ¶ 39. He claims that these calls were all from an offshore telemarketer. *Id.* at ¶ 24. On September 18, 2023, and September 20, 2023, Plaintiff spoke to the telemarketer, was informed that the calls were solicitations for solar panel installation, and informed the telemarketer that he was not interested and to not call him again. *Id.* at ¶¶ 28–29.

Plaintiff received an eleventh call from the same number on September 25, 2023, and set up an appointment with the caller for the next day to find out who was calling. *Id.* at ¶ 31. He

received two more phone calls on September 25, 2023, and September 26, 2023, for a total of thirteen calls.  *Id.* at ¶ 39.

Plaintiff did not keep the appointment he set up and received a phone call, from the number 860-895-7840, from someone identifying himself as Austin Adams with Defendant, to ask about the missed appointment.  *Id.* at ¶¶ 32–34.  Plaintiff also received an email from the same individual with the email address aadams@momentumsolar.com.  *Id.* at ¶ 37.

Plaintiff asserts that he never gave permission to receive any of these calls.  *Id.* at ¶ 40.  Plaintiff also states that he has maintained his personal cell phone number, ending in -4604, on the National Do-Not-Call Registry since December 2007, and his cell phone is used for residential purposes.  *Id.* at ¶¶ 21, 54.

Plaintiff filed suit against Defendant on October 12, 2023.  *See id.*  Defendant filed the instant motion on November 8, 2023, and Plaintiff filed a response on November 16, 2023.  *See* Mot., ECF No. 7; Pl.'s Resp. Def.'s Mot. Dismiss Pursuant Fed. Rules Civil Proc. 12(b)(6) [hereinafter "Resp."], ECF No. 8.

## II.   LEGAL STANDARDS

Rule 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, a "court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff."  *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018).  But the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotes and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a "plausible claim for relief" when the factual allegations contained in it allow the court to infer actual misconduct by the defendant, not a "mere possibility of misconduct." *Id.* at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Defendant asserts that Plaintiff's claims under 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(d) should be dismissed. Mot. 7–9. However, Plaintiff has not asserted any claims under these subsections of the TCPA. *See* Pl.'s Original Compl. The only cause of action in Plaintiff's complaint is under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). *Id.* at ¶¶ 55–60.

The TCPA states that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action "in an appropriate court." 47 U.S.C. § 227(c)(5). The "regulations prescribed under this subsection" are codified at 47 C.F.R. § 64.1200, which makes it an offense to "initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

Defendant asserts that Plaintiff's claim under 47 C.F.R. § 64.1200(c) should be dismissed because cell phones are not residential telephones.  Mot. 7.  Defendant relies on *Callier v. GreenSky Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *5–6 (W.D. Tex. May 10, 2021), for support for this position.  Mot. 8.

Plaintiff (who was also the plaintiff in *GreenSky*) asserts that at the time that *GreenSky* was decided, he was inexperienced with litigation and failed to respond to the motion.  Resp. 3.  Plaintiff points to other cases in the Fifth Circuit that have held that cell phones can be considered residential phones: *Strange v. ABC Co.*, No. 19-1361, 2021 WL 798870, at *3–4 (W.D. La. Mar. 1, 2021); *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020); *Powers v. One Technologies, LLC*, No. 3:21-CV-2091, 2022 WL 2992881, at *3 (N.D. Tex. July 28, 2022); *Horton v. Multiplan Inc.*, 3:21-CV-1542-S-BK, 2021 WL 5868328, at *5 (N.D. Tex. Nov. 24, 2021); and *Callier v. Nat'l United Grp.*, No. EP-21-CV-71-DB, 2021 WL 5393829, at *8–9 (W.D. Tex. Nov. 17, 2021)).  Resp. 4–6.

The Court finds *National United Group* instructive here.  Although that case referred to 47 C.F.R. § 64.1200(d), not § 64.1200(c), subsections (c) and (d) are both "applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order."  47 C.F.R. § 64.1200(e).  The Commission's Report and Order refers to *In re Rules and Regulations Implementing the TCPA of 1991*, which states that "we believe it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections."  18 FCC Rcd. 14014, 14039, 2003 WL 21517853 (2003).  The court in *National United Group* pointed out that the "[t]he Commission's Report and Order . . . extended the full coverage of the TCPA to cell phones," and, as a result, "§ 64.1200(d) . . . applies to any cell phone

being used as a residential phone." 2021 WL 5393829, at *9. Other courts in the Fifth Circuit, in addition to the cases that Plaintiff has already cited, have also concluded that cell phones can be residential phone numbers. *See Myrick v. Adapthealth, LLC*, No. 6:22-CV-00484-JDK, 2023 WL 5162396, at *2–3 (E.D. Tex. June 26, 2023), *report and recommendation adopted*, No. 6:22-CV-484-JDK, 2023 WL 4488848 (E.D. Tex. July 12, 2023); *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *2–3 (N.D. Tex. Feb. 24, 2022).

In *GreenSky*, the court stated that Plaintiff's claim failed as a matter of law because Plaintiff neither addressed the defendant's argument nor cited any authority that 47 C.F.R. § 64.1200(d)(1) applies to cell phones. 2021 WL 2688622, at *6. In his response to the instant motion, however, Plaintiff has addressed Defendant's argument and provided citations to cases where courts determined that residential telephones could include cell phones.

Plaintiff asserts in the complaint that his cell phone is a residential number. He stated that he uses his cell phone "to communicate with friends and family" as well as "for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages." Pl.'s Original Compl. ¶ 54. He adds that the cell phone is registered in his name and is paid for from his personal accounts. *Id.* The Court concludes that Plaintiff has alleged sufficient facts for the Court to draw the reasonable inference that his cell phone is a "residential phone" for the purpose of 47 C.F.R. § 64.1200(c).

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Momentum Solar LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support (ECF No. 7) be **DENIED**.

**SIGNED** this 25th day of April, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**